**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 14-4792**

―――――――――

UNITED STATES OF AMERICA,

　　　　　Plaintiff – Appellee,

　　v.

DARYL STEVEN CARR,

　　　　　Defendant - Appellant.

―――――――――

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.　Louise W. Flanagan, District Judge.　(2:06-cr-00014-FL-1)

―――――――――

Submitted: April 29, 2015　　　　　　Decided: May 1, 2015

―――――――――

Before WILKINSON, SHEDD, and AGEE, Circuit Judges.

―――――――――

Affirmed by unpublished per curiam opinion.

―――――――――

Richard Croutharmel, Raleigh, North Carolina, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Daryl Steven Carr appeals from his conviction and 192-month sentence imposed pursuant to his guilty plea to two counts of possessing a stolen firearm. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that he has found no meritorious grounds for appeal but suggesting examination of Carr's Fed. R. Crim. P. 11 hearing and the reasonableness of his sentence. Although advised of his right to do so, Carr has not filed a supplemental pro se brief. The government has also declined to file a brief. After thoroughly reviewing the record, we affirm.

Prior to accepting a guilty plea, the trial court must conduct a plea colloquy in which it informs the defendant of, and determines that the defendant understands, the nature of the charge to which he is pleading guilty, any mandatory minimum penalty, the maximum possible penalty he faces, and the various rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b)(1); United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991). The district court also must ensure that the defendant's plea is voluntary, was supported by a sufficient factual basis, and did not result from force, threats, or promises not contained in the plea agreement. Fed. R. Crim. P. 11(b)(2), (3); DeFusco, 949 F.2d at 119-20.

2

Because Carr did not move to withdraw his guilty plea in the district court or otherwise preserve any allegation of Rule 11 error, the plea colloquy is reviewed for plain error. United States v. General, 278 F.3d 389, 393 (4th Cir. 2002). Our review of the record reveals that the magistrate judge substantially complied with Rule 11 in accepting Carr's guilty plea during a thorough hearing. Accordingly, we find that his plea was knowing and voluntary.

We next review Carr's sentence for reasonableness, applying a deferential abuse of discretion standard. Gall v. United States, 552 U.S. 38, 46 (2007). We first ensure that the district court committed no "'significant procedural error,'" including improper calculation of the Guidelines range, insufficient consideration of the 18 U.S.C. § 3553(a) (2012) factors, or inadequate explanation of the sentence imposed. United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010) (quoting Gall, 552 U.S. at 51). During the district court's explanation of a selected sentence, while it must consider the statutory factors and explain the sentence, it need not "robotically tick" through every § 3353(a) factor on the record, particularly when imposing a sentence within the properly calculated Guidelines range. United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006). At the same time, the district court "must make an individualized assessment based on the facts

presented." Gall, 552 U.S. at 50. "This individualized assessment need not be elaborate or lengthy, but it must provide a rationale tailored to the particular case at hand and adequate to permit meaningful appellate review." United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (internal quotation marks omitted).

Here, the parties agreed that the Guidelines were properly calculated. Further, the court provided an adequate explanation of its sentence, referencing the seriousness of Carr's conduct, his past criminal history and characteristics, the kinds of sentences available and the need to protect the public. The court specifically found that a sentence in the middle of the advisory Guidelines range was appropriate. We therefore conclude that the sentence was procedurally reasonable.

When we find a sentence procedurally reasonable, we then must examine its substantive reasonableness, considering "the totality of the circumstances." Gall, 552 U.S. at 51. The sentence imposed must be "sufficient, but not greater than necessary" to satisfy the purposes of sentencing. 18 U.S.C. § 3553(a). A within-Guidelines sentence is presumed reasonable on appeal, and the defendant bears the burden to "rebut the presumption by demonstrating that the sentence is unreasonable when measured against the § 3553(a) factors." United States v.

4

Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).

Here, Carr's sentence was within his Guidelines range, and the record does not provide any basis to overcome the presumption of reasonableness. We thus find the sentence to be substantively reasonable. Our review pursuant to Anders has revealed no meritorious issues for review. We accordingly affirm Carr's conviction and sentence. This Court requires that counsel inform Carr in writing of his right to petition the Supreme Court of the United States for further review. If Carr requests that a petition be filed, but counsel believes that such petition would be frivolous, then counsel may move this Court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Carr. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid the decisional process.

AFFIRMED